### 61999. WHITFIELD v. THE STATE.

McMURRAY, Presiding Judge.

Amy Whitfield was indicted for aggravated battery in maliciously causing bodily harm to another by seriously disfiguring his body, that is, pouring kerosene on him and setting him on fire. A plea of not guilty was entered and a trial by a jury was waived. On December 17, 1980, the trial court, without the intervention of a jury, found the defendant "not guilty by reason of insanity," ordering Amy Whitfield to be committed and confined in the state hospital for a period of not less than 30 days pursuant to Code Ann. § 27-1503 (Ga. L. 1977, pp. 1293, 1295).

On January 2, 1981, and prior to a period of 30 days having elapsed, the insanity acquittee applied for her release as one having been committed to the Department of Human Resources upon the ground that she does not meet the civil commitment criteria under Code Ann. Ch. 88-5 (Ga. L. 1978, p. 1787, et seq.) or Ch. 88-25 (Ga. L. 1978, p. 1826, et seq.), as now or hereafter amended. She pointed out in her application that the 30 days would expire on January 16, 1981. The trial court heard further evidence on January 23, 1981, and held that the insanity acquittee presently meets the criteria for civil commitment in that "she presents a substantial risk of imminent

harm to herself or others as manifested by recent overt acts, the Court deeming that the act for which she was prosecuted being 'recent', and ... [further that she] ... is unable to care for her own physical health and safety as to create an imminently life-endangering crisis, and who needs twenty-four (24) hour training and care in a residential care facility." She was remanded to such state mental hospital as is selected by the Department of Human Resources and until such further review as is authorized by the law. The insanity acquittee appeals the denial of her motion for release. *Held:*

Each of the enumerations of error is predicated upon the incorrect assumption that the burden of proof rests upon the state in a hearing on an application for release pursuant to Code § 27-1503, supra. As has been recently restated by the Supreme Court in *Clark v. State,* 245 Ga. 629, 643-644 (266 SE2d 466), a verdict of not guilty by reason of insanity reflects two crucial factual determinations. First, such a verdict indicates a determination beyond a reasonable doubt by the finder of fact that the defendant committed the crime in question. Secondly, this verdict indicates a finding that it has been demonstrated by a preponderance of the evidence that the defendant, at the time the criminal act was committed, met the criteria for civil commitment (in this case under Code Ann. § 88-501 (a) and (v) (Ga. L. 1978, pp. 1787, 1790)). Under Code § 38-118 this mental state is presumed to continue so that the burden of proof in a release proceeding under Code Ann. § 27-1503 (b), supra, rests on the insanity acquittee.

The state presented in evidence at the hearing the testimony of the attending psychiatrist as to this patient at Central State Hospital. The psychiatrist testified that the insanity acquittee has a psychosis of the schizophrenic paranoia type, that she is subject to paranoid delusions and feels that the people in her community are very much against her. The psychiatrist further testified that the insanity acquittee refused treatment, particularly certain medication, and although she was not overtly violent during her time at the hospital, she talked a great deal about what she would do to other people because they were trying to hurt her. However, it was the opinion of the psychiatrist that she was potentially very dangerous to the people in her community. The insanity acquittee presented no witnesses.

Also, before the trial court was the transcript of the insanity acquittee's trial before the court without a jury in which she was found not guilty by reason of insanity. We are satisfied that there was sufficient evidence to convince the trial court that the insanity acquittee meets the criteria for civil commitment. *Pitts v. State,* 151 Ga. App. 691, 695 (261 SE2d 435). See also *Clark v. State,* 245 Ga. 629,

637, supra, citing Addington v. Texas, 441 U. S. 418, 431 (99 SC 1804, 60 LE2d 323), that due process requires the state to justify confinement by proof more substantial than a mere preponderance of the evidence although the reasonable doubt standard is not constitutionally required.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 27, 1981.

*Tim D. Hemingway,* for appellant.
*Willis B. Sparks III, District Attorney,* for appellee.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*